THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By JAMES M. CHAPIN, Senior Deputy (State Bar No. 118530)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5244;  Fax: (619) 531-6005
E-mail: james.chapin@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, William Gore and Richard Fischer

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; San Diego Sheriff WILLIAM GORE; San Diego Sheriff's Deputy FISCHER (#3003); Unknown San Diego Sheriff's Deputies; CITY OF SANTEE; SANTEE FIRE DEPARTMENT; Santee Fire Department Chief RICHARD MATTICK; Santee Fire Department Crewmember AARON BAGLEY; Unknown Santee Fire Department Crewmembers; LAKESIDE FIRE PROTECTION DISTRICT; Lakeside Fire Protection District Chief ANDY PARR; Lakeside Fire Protection District Crewmember DAVID CSIK, and Unknown Lakeside Fire Protection District Crewmembers,<br><br>        Defendants. | No. 15cv2692-H(MDD)<br><br>ANSWER TO COMPLAINT BY DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, WILLIAM GORE AND RICHARD FISCHER<br><br>[DEMAND FOR JURY TRIAL] |

///

1 Defendants County of San Diego, San Diego County Sheriff's Department,
2 William Gore and Richard Fischer answer the complaint filed herein by admitting,
3 denying and alleging as follows:

4   A.   In response to paragraphs 4, 5, 6, 11, 12, 13, 15, 16 and 106 of the complaint
5 Defendants admit the allegations contained therein.

6   B.   In response to paragraphs 7, 8, 9, 10, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25,
7 26, 27, 28, 29, 30, 32, 33, 41, 42, 43, 44, 45, 46, 47, 50, 56, 62, 67, 74, 80, 88, 96, 97, 99,
8 100, 105, 118, 121 and 126 of the complaint, Defendants lack sufficient information and
9 belief to admit or deny the allegations contained in those paragraphs, and on that basis
10 deny each and every allegation contained therein.

11   C.   In response to paragraphs 1, 2, 3, 31, 34, 35, 36, 37, 38, 39, 40, 48, 51, 52,
12 53, 54, 57, 58, 59, 60, 63, 64, 65, 68, 69, 70, 71, 72, 75, 76, 77, 78, 81, 82, 83, 84, 85, 86,
13 89, 90, 91, 92, 93, 94, 98, 101, 102, 103, 107, 108, 109, 110, 111, 112, 113, 114, 115,
14 116, 119, 120, 121, 123, 124, 125, 128, 129, 130, 131 and 132 of the complaint,
15 Defendants deny the allegations contained therein.

16   D.   In response to paragraphs 49, 55, 61, 66, 73, 79, 87, 95, 104, 117, 122, and
17 127 of the complaint, Defendants incorporate by reference the responses to all prior
18 paragraphs as though fully set forth herein.

19                             AFFIRMATIVE DEFENSES
20                                        I

21 As a first separate and distinct affirmative defense, Defendants allege that any and
22 all acts of Defendants and agents or employees at or near the times alleged in the
23 Complaint were reasonable and said agents or employees had reasonable and probable
24 cause to act in the manner they did.
25 ///
26 ///
27 ///
28 ///

- 2 -

II

2   As a second separate and distinct affirmative defense, Defendants allege that any and all acts or omissions of Defendants and agents or employees were privileged.

III

As a third separate and distinct affirmative defense, Defendants allege that they and their agents or employees acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

IV

As a fourth separate and distinct affirmative defense, Defendants allege that a public employee is not liable, pursuant to Government Code section 820.4, for his act or omission, exercising due care, in the execution or enforcement of any law.

V

As a fifth separate and distinct affirmative defense, Defendants allege that the facts alleged in the Complaint, and each cause of action therein, fail to state a cause of action.

VI

As a sixth separate and distinct affirmative defense, Defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code and section 835a of the Penal Code in that the physical force and contact utilized were reasonable for the lawful defense of the sheriff deputies and/or others.

VII

As a seventh separate and distinct affirmative defense, Defendants allege that the decedent himself acted unreasonably, carelessly and negligently in and about the matters alleged in the Complaint.  These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages.

///
///
///
///

VIII

As an eighth separate and distinct affirmative defense, Defendants are not liable because there are no unconstitutional customs, practices, policies, or procedures.

IX

As a ninth separate and distinct affirmative defense, Defendants are not liable for common law torts and are only liable pursuant to statute by operation of section 815 of the Government Code.

X

As a tenth separate and distinct affirmative defense, Defendants are not liable for an injury resulting from the act or omission of an employee where such act or omission was the result of discretion vested in the employee pursuant to section 820.2 of the Government Code.

XI

As an eleventh separate and distinct affirmative defense, Defendants are not liable for any injury caused by an alleged failure to furnish or obtain medical care for a prisoner by operation of section 845.6 of the Government Code.

XII

As a twelfth separate and distinct affirmative defense, Defendants are not liable for any alleged failure to make a physical examination or to make an adequate physical or mental examination for the purpose of determining whether such person has a disease or physical or mental condition pursuant to Government Code section 855.6.

XIII

As a thirteenth separate and distinct affirmative defense, Defendants are not liable for failing to diagnose that a person is afflicted with mental illness or addiction, pursuant to Government Code section 855.8.

///

///

///

### XIV

As a fourteenth separate and distinct affirmative defense, Defendants are not liable for injury resulting from any claimed failure to admit a person to a medical facility pursuant to Government Code section 856.4.

### XV

As a fifteenth separate and distinct affirmative defense, Defendants are not liable for any injury caused by or to any prisoner by operation of section 844.6 of the Government Code.

### XVI

As a sixteenth separate and distinct affirmative defense, decedent was not a qualified person with a disability.

### XVII

As a seventeenth separate and distinct affirmative defense, decedent was not subjected to discrimination and was not excluded from participation in or denied the benefits of services, programs or activities.

### XVIII

As an eighteenth separate and distinct affirmative defense, Plaintiffs failed to timely comply with the administrative claim provisions of section 945.4 of the Government Code.

### XIX

As a nineteenth separate and distinct affirmative defense, Plaintiffs lack standing to pursue this action.

### **XX**

As a twentieth separate and distinct affirmative defense, Defendant Fischer is entitled to qualified immunity from liability under title 42, United States Code section 1983.

///

///

## XXI

As a twenty-first separate and distinct affirmative defense, a public employee is not liable for an injury caused by the act or omission of another person pursuant to Government Code section 820.8.

WHEREFORE, said Defendants pray as follows:

1. That the action be dismissed with prejudice;
2. That Plaintiffs take nothing by this action;
3. That Defendants recover costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems proper and just.

DATED: January 7, 2016          THOMAS E. MONTGOMERY, County Counsel

By: s/ JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, William Gore and Richard Fischer
E-mail: james.chapin@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare: That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On January 7, 2016, I served the following documents: **Answer To Complaint By Defendants County Of San Diego, San Diego County Sheriff's Department, William Gore And Richard Fischer [Demand For Jury Trial]** in the following manner:

☐   By personally delivering copies to the person served.

☐   By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒   By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2016, at San Diego, California.

By: s/ JAMES M. CHAPIN
E-mail: james.chapin@sdcounty.ca.gov

K.J.P., a minor, et al. v. County of San Diego, et al.; USDC No. 15-cv-2692-H(MDD)

## SERVICE LIST

| | |
|---|---|
| Gerald Singleton, Esq.<br>Brody A. McBride, Esq.<br>115 West Plaza Street<br>Solana Beach, California 92075<br>(760) 697-1330; (760) 697-1329 (fax)<br>E-mail: gerald@geraldsingleton.com<br>E-mail: brody@geraldsingleton.com | Attorneys for Plaintiffs |
| John Burton, Esq.<br>Law Office of John Burton<br>4 East Holly Street, Suite 201<br>Pasadena, California 91103<br>(626) 449-8300; (626) 449-4417 (fax)<br>E-mail: jb@johnburtonlaw.com | Attorneys for Plaintiffs |
| Kevin Osterberg, Esq.<br>Haight Brown & Bonesteel<br>3750 University Ave., #560<br>Riverside, CA 92501<br>(951) 341-8300<br>(951) 341-8309 (fax)<br>E-mail: kosterberg@hbblaw.com | Attorneys for Defendants Lakeside Fire Protection District, Andy Parr, Marc Poynter and David Csik |

K.J.P., a minor, et al. v. County of San Diego, et al.; USDC No. 15-cv-2692-H(MDD)