UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>  Defendants. | Case No.: 15cv2692-H-MDD<br><br>**ORDER ON JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF NO. 91]** |

Before the Court is the Joint Motion of the parties, filed on May 15, 2017, to amend the operative Scheduling Order. (ECF No. 91). The case asserts claims by Plaintiffs K.J.P., K.P.P., Loan Thi Minh Nguyen, and Kimberly Nange Chanthaphanh related to the death of their family member, Lucky Phounsy, after he called emergency responders during a mental health crisis in April of 2015. The operative Complaint is the Second Amended Complaint filed on November 2, 2016. (ECF No. 48). The original Complaint was filed on December 1, 2015. (ECF No. 1).

## **RELEVANT PROCEDURAL HISTORY**

Following some early legal skirmishing regarding the pleadings, the initial Scheduling Order was filed on July 18, 2016, following the Early

Neutral Evaluation and Case Management Conference held on July 12, 2016. (ECF Nos. 36, 37). Considering that this case involved an alleged wrongful death and a number of entity and individual defendants, the Court allowed for more than eight months of discovery, setting the discovery cutoff at April 3, 2017. (ECF No. 37).

On January 6, 2017, the parties jointly moved to amend the Scheduling Order because of the large number of documents produced and the unavailability of counsel for the County of San Diego. The parties sought an additional 45 days to complete discovery, to extend the deadline for initial expert disclosures also by 45 days and to extend the deadline for production of expert reports by 75 days. (ECF No. 80). The Court granted the joint motion, extended the discovery cutoff from April 3 to May 15, 2017 and extended the deadline for initial expert disclosures from January 17 to February 28, 2017, and for rebuttal disclosures from February 27 to March 28, 2017. The Court also extended the deadline to file dispositive pretrial motions from May 22 to June 23, 2017. (ECF No. 81).

On March 29, 2017, the parties again jointly moved to amend the Scheduling Order. (ECF No. 84). In support, the parties stated that Plaintiffs had substantially completed 18 depositions of party and party-related witnesses and that "**Defendants now intend to take depositions of Plaintiffs and related witnesses.**" (ECF No. 84 at 3 (using CM/ECF page numbering)). The parties asserted that their efforts were better spent preparing for an upcoming settlement conference. (*Id.*). The parties sought to extend the discovery cutoff to June 16, 2017; the rebuttal expert designations to April 28, 2017; and the disclosure of initial expert reports to May 12, 2017, followed by rebuttal expert reports on May 26. 2017. The parties also requested the settlement conference scheduled with the Court be

advanced from June 13 to April 25, 2017. (ECF No. 84). The Court granted the joint motion in its entirety on April 2, 2017. (ECF No. 85). The Court later vacated the settlement conference after receiving confidential briefs from the parties as it appeared that conducting the conference would be futile. (ECF No. 87).

Now before the Court is the Joint Motion filed on May 15, 2017 to again amend the Scheduling Order. (ECF No. 91). The parties report that their expert designations have been completed but move the Court to extend the expert report disclosure deadlines to May 22, 2017 (initial expert reports) and June 5, 2017 (rebuttal expert reports). (*Id.*) The parties also request that the discovery cutoff be extended to July 14, 2017 and the dispositive motion filing cutoff be extended to July 21, 2017. (*Id.*). In support, the parties state that a number of experts indicated that they are unable to complete their reports within the current schedule due to personal and professional commitments. The parties also state that they are attempting to schedule approximately 14 Plaintiff and Plaintiff-related depositions. (*Id.*).

## **LEGAL STANDARD**

Rule 16(a)(4), Fed. R. Civ. P., provides that a schedule may be modified "only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). Rule 1, Fed. R. Civ. P., provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

## **DISCUSSION**

Although it may be true that the parties "continue to work in a

cooperative, professional effort to advance the litigation towards discovery completion" as the parties say in their last two Joint Motions, the Court is not convinced that the parties are moving at a pace consistent with Rule 1's admonition that the case proceed with appropriate speed. As matters now stand, the parties have had 11 months to complete discovery and now seek another month to make it an even year. Inasmuch as the parties stated in late March that the next item on their agenda was depositions of Plaintiffs and related witnesses, there is no showing in the most recent motion that any progress has been made on that front. The parties only assert that that the depositions cannot reasonably be completed due to witness and counsel unavailability. (ECF No. 91 at 3). Moreover, the date by which expert reports were to be disclosed has repeatedly been moved and there has been ample time for this process to be completed.

The Court finds that the parties have not been diligent and the Court is inclined to deny the Joint Motion in its entirety. Nevertheless, to avoid the harshness of that ruling, the Court will extend the discovery cutoff date from June 16 to June 30, 2017. As requested by the parties, initial expert reports must be served by May 22, 2017, and rebuttal expert reports must be served by June 5, 2017. The Court will not adjust the pretrial dispositive motion filing deadline of June 23, 2017. The parties are put on notice any further motion to amend the discovery deadlines likely would be futile absent extraordinary circumstances.

//
//
//
//
//

## CONCLUSION

The Joint Motion to Amend the Scheduling Order is **GRANTED IN PART AND DENIED IN PART**. The discovery cutoff is extended to June 30, 2017. Initial expert reports must be served by May 22, 2017, and rebuttal expert reports must be served by June 5, 2017. Absent extraordinary circumstances, the discovery deadlines will not again be extended. All other dates in the operative Scheduling Order remain in full force and effect.

**IT IS SO ORDERED.**

Dated: May 16, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge