Kevin M. Osterberg (Bar No. 138760)
HAIGHT BROWN & BONESTEEL LLP
3880 Lemon Street, Suite 410
Riverside, California 92501
Telephone: 951.341.8300
Facsimile: 951.341.8309

KOsterberg@hbblaw.com

Attorneys for Defendants, Lakeside Fire Protection District, Marc Poynter, and David Cisk

Daley & Heft, LLP
Attorneys at Law
Robert R. Heft, Esq. (Bar No. 076739)
Mitchell D. Dean, Esq. (Bar No. 128926)
Samuel C. Gazzo, Esq. (Bar No. 212405)
Lee H. Roistacher, Esq. (Bar No. 179619)
462 Stevens Avenue, Suite 201
Solana Beach, CA 92705
Telephone: 858.755.5666
Facsimile: 858.755.7870

rheft@daleyheft.com
mdean@daleyheft.com
sgazzo@daleyheft.com
lroistacher@daleyheft.com

Attorneys for Defendants, City of Santee, Santee Fire Captain Aaron Bagley, and Santee Firefighter/Paramedic Aaron Hackett

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; San Diego Sheriff WILLIAM GORE; RICHARD FISCHER; KEVIN RALPH; MARCOS COLLINS; JANAE KRULL; | Case No. 15-CV-02692-H-MDD <br><br> **SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF SANTEE AND LAKESIDE DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT** <br><br> Date: July 31, 2017 <br> Time: 10:30 a.m. <br> Dept: 15A – Courtroom of the Honorable Marilyn L. Huff <br> Pre-Trial Conf.: October 2, 2017 |

GC11-0000058
12342967.1

1

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

| | |
|---|---|
| SANDRA (JANET) CARBAJAL; BILLY TENNISION, III; DEAN ALLEN; MICHAEL LEE; JENNY MARTINSON; TAMANI PUGH; AARON BROOKE; JOVONNI SILVA; CITY OF SANTEE; AARON BAGLEY; AARON HACKETT; AARON DO; ADAM DANIELS; DANIEL NEOW; LAKESIDE FIRE PROTECTION DISTRICT; MARC POYNTER; DAVID CISIK; <br><br>Defendants. | |

Defendants City of Santee, Aaron Bagley, Aaron Hackett, Lakeside Fire Protection District, Marc Poynter, and David Csik ("Santee and Lakeside Defendants"), submit the following Uncontroverted Facts in support of their Joint Motion for Summary Judgment:

### UNCONTROVERTED FACTS

| UNCONTROVERTED MATERIAL FACTS | SUPPORTING EVIDENCE AND AUTHORITIES |
|---|---|
| | |
| 1. On April 13, 2015, the decedent Lucky Phounsy ("Lucky"), who was reported to have taken cocaine, ecstasy, acid, PCP, marijuana, "whippits", and Benadryl, and had "slept very little in the previous 72 hours" and was suffering from "auditory hallucinations and paranoid delusions" became "terrified that unknown assailants were preparing to harm him, his wife, his children, and others in his family." Lucky "called 911 | Second Amended Complaint ("SAC" ¶¶ 2, 41-42) |

GC11-0000058
12342967.1

2

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

Haight

| | | |
|---|---|---|
| 1<br>2 | to report that unknown assailants were trying to harm him." | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | 2. San Diego Sheriff Deputies Marcos Collins and Janae Krull initially responded to plaintiffs' house at about 10:21 p.m. Lucky "fought" Deputies Collins and Krull as they struggled to calm and control him. The Deputies tasered Lucky a number of times, which were ineffective. Back-up Sheriff's deputies responded along with Santee fire and paramedic response. | SAC ¶¶ 44-49 |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | 3. Santee Fire Engine Company (E5) staffed by Captain Aaron Bagley, Firefighter/Paramedics Aaron Hackett, and Aaron Do responded Code 3 (lights and siren) and arrived on-scene at approximately 10:32 p.m. Santee Fire Ambulance (M5) staffed by Firefighter/Paramedics Adam Daniels and Daniel Nenow responded Code 3 (lights and siren) and arrived on-scene at approximately 10:33 p.m. | Dec. of Capt. Aaron Bagley ("Bagley Dec.") ¶ 5;<br>Dec. of Aaron Do ("Do Dec.") ¶ 5;<br>Dec. of Aaron Hackett ("Hackett Dec.") ¶¶ 6, 34 with Exhibit "E" |
| 24<br>25<br>26<br>27 | 4. Once cleared by the Sheriff's department to approach, Santee E5/M5 paramedics immediately found injured Deputies Collins and Krull sitting against | Bagley Dec., ¶ 5;<br>Do Dec., ¶¶ 5-7;<br>Hackett Dec., ¶¶ 7-9, 34 with Exhibit "E" |

Haight

GC11-0000058
12342967.1

3

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

| | |
|---|---|
| a fence along plaintiffs' driveway. Deputy Collins was found with blood covering the front of his shirt and his face. (See Ex. A to Hackett Decl.) Deputy Collins told the paramedics that Lucky punched him in the face several times. Deputy Krull complained of right orbital pain, dizziness and mild nausea. She said Lucky hit her with a closed fist a couple of times in her face. ( See Ex. B to Hackett Decl.) | |
| 5. Meanwhile, the other responding Deputies continued struggling with Lucky inside plaintiffs' house. | Bagley Dec., ¶ 7; Hackett Dec., ¶¶ 9, 34 with Exhibit "E" |
| 6. While Deputies Collins and Krull were being assessed, Santee Captain Aaron Bagley evaluated if Lucky (who was still inside the house) would need medical attention. A Deputy told Captain Bagley that Lucky "would need medical care" due to possible drug use and being combative. At about 10:37 p.m., Captain Bagley requested another ambulance unit from Lakeside Fire Protection District (M2). | Bagley Dec., ¶¶ 8-9; Hackett Dec., ¶¶ 9-10, 34 with Exhibit "E" |
| 7. As Deputies Krull and Collins were being prepared for transport to | Bagley Dec., ¶ 10; Do Dec., ¶ 8; |

Haight

GC11-0000058
12342967.1

4

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Grossmont Hospital in Santee M5, the other deputies brought Lucky outside in "maximum [law enforcement] restraints" [four-point, restraints with his arms and legs secured behind him], placed him on the driveway, and rolled him onto his left side. | Hackett Dec., ¶¶ 10, 34 with Exhibit "E" |
| 8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | 8. Santee FF/PM Aaron Hackett immediately assumed care of Lucky. To calm Lucky and potentially benefit further treatment, at about 10:39 p.m., FF/PM Hackett gave him a 5 mg intra-muscular injection of Versed (a sedative) in his thigh, pursuant to County of San Diego EMS Protocol Numbers S-142, and S-134. The sedative Versed seemed to have very little to no calming effect. | Bagley Dec., ¶¶ 11-12;<br>Do Dec., ¶ 9;<br>Hackett Dec., ¶¶ 11-13, 34 with Exhibit "E" |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 9. FF/PM Hackett confirmed that the law enforcement restraints provided sufficient slack to allow Lucky to take full tidal volume breaths. Hackett then checked Lucky's vital signs – breathing, pulse, and capillary refill. Hackett documented Lucky's respiration to be 30 breaths per minute and noted his pulse rate to be "strong and regular" at 120 beats per minute. Hackett was unable to | Hackett Dec., ¶¶ 14-21, 34 with Exhibit "E" |

28

Haight

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | take Lucky's blood pressure because he was "thrashing around" too much and was violent and combative – even while restrained in the law enforcement restraints and being held in place by several deputies. Hackett continued to closely monitor and assess Lucky's breathing and pulse until Lakeside Medic 2 arrived shortly thereafter. | |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 10. Lakeside Fire Protection District Medic 2 ("M2") was dispatched to the Phounsy residence at approximately 10:37 pm, responded Code 3 (lights and siren), arriving at approximately 10:47 pm. Firefighter Paramedics Marc Poynter and David Csik manned M2. Upon arrival, they found Lucky restrained, and laying on his side in the driveway, with a number of Deputies trying to hold and control him. | Dec. of Marc Poynter ("Poynter Dec."), ¶¶ 5-10, and Poynter Ex. "A" – page 2;<br>Dec. of David Csik ("Csik Dec."), ¶¶ 4-9;<br>Hackett Dec., ¶¶ 22, 34 with Exhibit "E" |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 11. FF/PM Csik obtained information about Lucky, and the Deputies' struggle with him, from Santee Captain Aaron Bagley, and wife or ex-wife. FF/PM Poynter met with FF/PM Hackett, who was still with Lucky, and obtained information about Hackett's on-going | Poynter Dec., ¶¶ 11-14;<br>Csik Dec., ¶¶ 10-13;<br>Hackett Dec., ¶¶ 23, 34 with Exhibit "E" |
| 28 | | |

Haight

Haight

| | | |
|---|---|---|
| 1-4 | assessment and treatment of Lucky, the first dose of Versed administered to Lucky, and Lucky's then-current condition and behavior. | |
| 5-14 | 12. Given Lucky's continued struggling and combative behavior, it was decided that a second dose of 5 mg of Versed would be administered intramuscular to Lucky, which was completed by FF/PM Hackett at approximately 10:50 pm. The second dose of Versed had a brief desired effect, and Lucky then continued his agitated conduct while still in restraints. | Poynter Dec., ¶¶ 15-16; Hackett Dec., ¶¶ 24-25, 34 with Exhibit "E" |
| 15-22 | 13. A discussion was held regarding possibly changing the Sheriff's physical restraints, to soft Velcro restraints carried on M2. However, all agreed that this was not possible due to Lucky's continued combative behavior, and for the safety of Lucky, and the Sheriff and fire personnel. | Poynter Dec., ¶ 17; Csik Dec., ¶¶ 14-15; Bagley Dec., ¶¶14-15; Do Dec., ¶ 11; Hackett Dec., ¶¶ 26-27, 34 with Exhibit "E" |
| 23-27 | 14. Lucky was then carefully lifted and loaded onto a gurney, and placed on his left side to allow him to breathe with full tidal volume breaths, while still in the Sheriff's restraints. Two seat belts on | Poynter Dec., ¶ 18; Csik Dec., ¶ 16; Bagley Dec., ¶¶ 14-15; Hackett Dec., ¶¶ 28, 34 with Exhibit "E" |

GC11-0000058
12342967.1

7

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

| # | | |
|---|---|---|
| 1-5 | the gurney were placed over Lucky, one over his torso, and one over his legs, in order to safely secure him to the gurney. The seat belts did not inhibit Lucky's full tidal volume breathing. | |
| 6-15 | 15. Lucky was loaded into Lakeside M2, and immediately transported Code 3 to Grossmont Hospital for a further and higher level of medical examination and treatment, departing the scene at approximately 11:03 pm. Lakeside FF/PM Csik drove M2. Lakeside FF/PM Poynter, Santee FF/PM Hackett, and Deputy Sheriff Richard Fisher rode in the back of M2 with Lucky. | Poynter Dec., ¶¶ 19-20, and Poynter Ex. "A" – page 2; Csik Dec., ¶¶17-18; Hackett Dec., ¶¶ 29, 34 with Exhibit "E" |
| 16-27 | 16. During the Code 3 trip to Grossmont Hospital, Lucky continued to be combative, bucking his body on the gurney, and grunting. Deputy Fisher placed both his palms on the right side of Lucky's head and upper torso, applying downward pressure, in order to control Lucky's movements. Lucky was still taking full tidal volume breathes with his own respiratory drive, with good skin signs, and good capillary refill showing adequate perfusion. | Poynter Dec., ¶ 23; Hackett Dec., ¶¶ 30-31, 34 with Exhibit "E" |

*Haight*

GC11-0000058
12342967.1

8

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

Haight

| | | |
|---|---|---|
| 1 | 17. Throughout the Code 3 trip to Grossmont Hospital, FF/PM's Hackett and Poynter continued monitoring and assessing Lucky's vital signs and condition as best they could, given Lucky's continual bucking movements. They monitored Lucky's airway, breathing and circulation. They watched and listened as Lucky took full tidal volume breathes, with his own respiratory drive. They checked Lucky's skin signs for his circulation, which were normal, and checked Lucky's radial pulse, but were unable to get a rate due to his movements. They attempted to take Lucky's blood pressure, but he was moving and flexing his arms while in the restraints, and they were unable to get a blood pressure. They attempted to place an oxygen saturation probe on one of Lucky's fingers, but it fell off at least two times due to his continual movement. They checked Lucky's capillary refill which showed adequate perfusion. They checked Lucky's blood glucose. They also made Base Hospital contact via radio with the Grossmont | Poynter Dec., ¶¶ 21-23; Hackett Dec., ¶¶ 30-31, 34 with Exhibit "E" |

| | | |
|---|---|---|
| 1<br>2<br>3 | Emergency Room ("ER") staff to advise and update them on Lucky's medical status. | |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | 18. At one point while enroute to Grossmont Hospital, someone mentioned that Lucky was attempting to spit toward Deputy Fisher. A lightweight mesh hood, commonly referred to as a "spit sock", was placed over Lucky's head to prevent spit from striking any emergency personnel. The mesh hood does not inhibit a patient's ability to breathe, nor the ability to monitor a patient's respirations. | Poynter Dec., ¶ 24;<br>Hackett Dec., ¶¶ 31, 34 with Exhibit "E" |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 19. As M2 was exiting the 125 Freeway, and close to Grossmont Hospital, Lucky suddenly made a noise like the sound of teeth grinding, and his body movement stopped. The mesh hood was immediately removed from Lucky's head, and FF/PM's Poynter and Hackett found him to be pulseless. Deputy Fisher was told to remove the law enforcement restraints. While Deputy Fisher was doing so, FF/PM's Poynter and Hackett immediately began CPR including chest compressions, and | Poynter Dec., ¶ 25;<br>Csik Dec., ¶ 19-20;<br>Hackett Dec., ¶¶ 32, 34 with Exhibit "E" |
| 28 | | |

Haight

GC11-0000058
12342967.1

10

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | ventilations with a bag valve mask and 100% oxygen. They also updated the Grossmont ER staff via Base Hospital radio regarding Lucky's sudden change in condition. | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16 | 20. FF/PM's Poynter and Hackett continued CPR and bag valve mask ventilations until arrival at Grossmont Hospital shortly thereafter at approximately 11:11 p.m.. They further continued CPR and bag valve mask ventilations while Lucky was removed from Medic 2, and wheeled into Grossmont's ER, where Lucky's emergency medical care was turned over to Grossmont's ER staff. | Poynter Dec., ¶¶ 25-26, Poynter Ex. "A" – page 2; Csik Dec., ¶¶ 21-24; Hackett Dec., ¶¶ 33, 34 with Exhibit "E" |
| 17<br>18<br>19<br>20 | 21. Lucky was intubated, and resuscitative efforts continued until a pulse was regained. Lucky was admitted to ICU Lucky died about 6 days later. | SAC ¶¶ 56-57 |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 22. Neither the City of Santee nor Lakeside has any policy, custom, or practice of giving patient priority to law enforcement officers over other patients who have more serious, life threatening conditions, or downgrading priority for patients who have been involved in | Dec. of Donald Butz ("Butz Dec."), ¶¶ 6-8;<br>Dec. of Santee Division Chief John Garlow ("Garlow Dec.") ¶¶ 7-9 |

Haight

GC11-0000058
12342967.1

11

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

| | |
|---|---|
| altercations with law enforcement, or having their paramedics use excessive force on individuals on any calls, including calls for individuals having a mental health crisis. | |

Dated: June 23, 2017            HAIGHT BROWN & BONESTEEL LLP


By:      /s/ Kevin M. Osterberg
         Kevin M. Osterberg
         Attorneys for Defendants, LAKESIDE
         FIRE PROTECTION DISTRICT, MARC
         POYNTER, and DAVID CSIK

Dated: June 23, 2017            DALEY & HEFT, LLP


By:      /s/ Samuel C. Gazzo
         Robert R. Heft
         Mitchell D. Dean
         Samuel C. Gazzo
         Lee H. Roistacher
         Attorneys for Defendants, CITY OF
         SANTEE, SANTEE FIRE CAPTAIN
         AARON BAGLEY, and SANTEE
         FIREFIGHTER/PARAMEDIC AARON
         HACKETT

GC11-0000058
12342967.1

12

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Counsel for all Parties and that I have obtained Parties' counsel's authorization to affix their electronic signatures to this document.

Dated: June 23, 2017                    /s/ Kevin Osterberg

                                        Kevin Osterberg, Esq.

GC11-0000058
12342967.1

13

Case No. 15-CV-02692-H-MDD
Separate Statement of Uncontroverted Facts in
Support of Joint Motion for Summary Judgment