# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 3:15-cv-2692-H-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR ENTRY OF JUDGMENT BY SANTEE DEFENDANTS**<br>**[Doc. No. 172]**<br><br>**(2) ENTERING FINAL JUDGMENT IN FAVOR OF AARON BAGLEY, AARON HACKETT, CITY OF SANTEE, LAKESIDE FIRE PROTECTION DISTRICT, MARC POYNTER, AND DAVID CSIK** |

On April 30, 2019, Aaron Bagley, Aaron Hackett, and the City of Santee ("Santee Paramedic Defendants") filed a motion for entry of judgment in their favor under Federal Rule of Civil Procedure 54(b). (Doc. No. 172.) On May 20, 2019, Plaintiffs filed a response in which Plaintiffs state that they agree to entry of final judgment as to Santee Paramedic Defendants, but only if final judgment is also entered as to Defendants Lakeside Fire Protection District, Marc Poynter, and David Csik ("Lakeside Paramedic Defendants").

1

(Doc. No. 176.) On May, 23, 2019, Lakeside Paramedic Defendants joined Santee Paramedic Defendants' motion for entry of judgment. (Doc. No. 178.) On May 24, 2019, Santee Paramedic Defendants filed a reply in support of their motion. (Doc. No. 179.) For the following reasons, the Court grants the motion, and enters judgment in favor of Defendants Bagley, Hackett, City of Santee, Lakeside Fire Protection District, Poynter, and Csik.

## BACKGROUND

This case arises from an altercation between San Diego Sheriff's Department Officers and the deceased, Lucky Phounsy. (See Doc. No. 171 at 3–4.) After the altercation, Phounsy was treated and transported to the hospital by Santee Paramedic Defendants and Lakeside Paramedic Defendants. (See id.) On November 2, 2016, Plaintiffs filed the operative second amended complaint alleging a series of claims against three sets of Defendants—San Diego Sheriff's Department Defendants, Santee Paramedic Defendants, and Lakeside Paramedic Defendants. (Doc. No. 50.) On April 12, 2019, the Court granted summary judgment in favor of Santee Paramedic Defendants, Lakeside Paramedic Defendants, San Diego County Sheriff William Gore, and San Diego County Sheriff's Department Sergeant Kevin Ralph on all claims made against them. (Doc. No. 171.) In its order, the Court denied summary judgment to the remaining San Diego Sheriff's Department Defendants, (Id.), who have subsequently made an interlocutory appeal of the Court's denial of qualified immunity. (Doc. No. 173.)

## DISCUSSION

Federal Rule of Civil Procedure 54(b) provides, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In determining whether entry of judgment is appropriate, a court must first determine whether it has rendered a "final judgment"—"a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Wood v. GCC Bend, LLC, 422 F.3d

873, 878 (9th Cir. 2005) (citing Curtiss–Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980)). A ruling is final and therefore appealable if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" with respect to that party or claim. Arizona State Carpenters Pension Tr. Fund v. Miller, 938 F.2d 1038, 1039 (9th Cir. 1991) (citation omitted). Here, in granting summary judgment in favor of Santee Paramedic Defendants and Lakeside Paramedic Defendants, the Court rendered a final judgment on all remaining claims against them. (See Doc. No. 171.)

Second, the court must determine whether there is any just reason for delay. Id.; see Fed. R. Civ. P. 54(b). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Wood, 422 F. 3d at 878 (citing Curtiss–Wright, 446 U.S. at 8). A goal of Rule 54(b) is to prevent piecemeal appeals. See AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 954 (9th Cir. 2006). The court must consider "whether the dismissed claims are separable from the remaining claims and whether granting certification will result in an appellate court having to issue multiple decisions on the same issue of law or fact." FamilyCare Inc. v. Oregon Health Auth., No. 6:18-CV-00296-MO, 2019 WL 309761, at *2 (D. Or. Jan. 23, 2019) (citing Curtiss-Wright, 446 U.S. at 8). Entry of judgment under Rule 54(b) is appropriate even where claims require proof of the same facts if it will streamline future litigation. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

The Court concludes that here, there is no just reason to delay entering judgment in favor of Santee Paramedic Defendants and Lakeside Paramedic Defendants. Santee Paramedic Defendants argue that claims against them are distinct and several from claims made against San Diego Sheriff's Department Defendants, and that they should not have wait for the rest of the case to conclude to receive a final judgment, which could take a significant period of time. (Doc. No. 172-1.) Plaintiffs argue that there is some factual overlap between the facts relating to all Defendants on Plaintiffs' for negligence, deliberate

indifference, substantive due process, and municipal liability. (Doc. No. 176 at 3–6.) Plaintiffs however concede that granting final judgment at this time in favor of Santee Paramedic Defendants and Lakeside Paramedic Defendants would not result in piecemeal appeals because it would permit Plaintiffs to appeal the Courts orders in this case at the same time as the ongoing appeal by San Diego Sheriff's Department Defendants. (Id. at 7.) Plaintiffs ask that if the Court enters judgment in favor of Santee Paramedic Defendants, it also enters judgment in favor of Lakeside Paramedic Defendants in order to consolidate Plaintiffs' intended appeal. (Id.)

After consideration of the circumstances of this case, the Court concludes in its discretion that there is no just reason for delaying entry of judgment in favor of the Santee Paramedic Defendants and Lakeside Paramedic Defendants. Plaintiffs' claims against the Santee Paramedic Defendants and Lakeside Paramedic Defendants are sufficient divisible from Plaintiffs' claims against the San Diego Sheriff's Department Defendants. Further, granting final judgment in favor of Santee Paramedic Defendants and Lakeside Paramedic Defendants at this time streamlines future litigation and would not result in piecemeal appeals.

## CONCLUSION

Accordingly, the Court grants Santee Paramedic Defendants' motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). The Court directs the Clerk of Court to enter final judgment against Plaintiffs and in favor of Defendants Aaron Bagley, Aaron Hackett, City of Santee, Lakeside Fire Protection District, Marc Poynter, and David Csik.

**IT IS SO ORDERED.**

DATED: May 24, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT