# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P. a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually, <br><br>　　　　　　　　　　　Plaintiffs, <br><br>v. <br><br>COUNTY OF SAN DIEGO et al., <br><br>　　　　　　　　　　　Defendants. | Case No.: 15-cv-02692-H-MDD <br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO RE-TAX COSTS** <br><br>[Doc. No. 201.] |

Now before the Court is Plaintiffs' motion to re-tax costs. On August 7, 2019, Plaintiffs filed a motion to re-tax costs and asked this Court to "stay any award of costs to Defendant pending resolution of Plaintiffs' appeal." (Doc. No. 201.) Santee and Lakeside Defendants both opposed the motion. (Doc. Nos. 202 and 203.) Plaintiffs replied to Defendants' oppositions on September 3, 2019. (Doc. No. 203.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that Plaintiffs' motion to re-tax costs is appropriate for resolution without oral argument, submits the motion on the parties' papers,

and vacates the hearing currently scheduled for September 9, 2019. The Court, in its discretion, finds this is the kind of extraordinary case that warrants denying costs and therefore **GRANTS** in part the motion to re-tax costs. Accordingly, each party must bear their own costs in this case.

## Background

The Court assumes the parties' familiarity with the facts and procedural history of this case, which are set forth in detail in the Court's April 12, 2019 Opinion and Order. (Doc. No. 171.) In that opinion the Court granted summary judgment for the Santee and Lakeside defendants. Subsequently on May 24, 2019, the Court entered judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Santee and Lakeside Defendants. (Doc. No. 180.)

On May 29, 2017, Santee Defendants filed their bill of costs in the amount of $29,599.04. (Doc. No. 182.) On June 7, 2019 Lakeside Defendants filed their bill of costs in the amount of $22,229.14. (Doc. No. 191.) That same day, Plaintiff filed a notice of appeal. (Doc. No. 185.) On July 5, 2019 an opposition to the bill of costs was filed by Plaintiffs. (Doc. 195.)

On July 9, 2019 the Clerk of Court presided over a hearing regarding taxation of costs. (Doc. No. 199.) On August 2, 2019 the clerk awarded costs in the amount of $18,705.64 for the Lakeside Defendants and $23,282.54 for the Santee Defendants. (Doc. Nos. 199 and 200.)

## Discussion

### I. LEGAL STANDARD

The district court reviews the Clerk's Bill of Costs de novo. Jardin v. DATAllegro, Inc., No. 08-CV-1462-IEG WVG, 2011 U.S. Dist. LEXIS 117517, 2011 WL 4835742, at *1 (S.D. Cal. Oct. 12, 2011). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also 28 U.S.C. § 1920; CivLR 54.1(a). This rule creates a presumption in favor of awarding costs to the prevailing party. Champion Produce, Inc. v.

Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003).

The Court may, however, deny costs at its discretion, in cases where it would be "inappropriate or inequitable to award costs." Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000). "Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." Quan v. Comput. Scis. Corp., 623 F.3d 870, 888-89 (9th Cir. 2010) (internal quotation marks omitted) (quoting Champion Produce, 342 F.3d at 1022), abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer, 134 S. Ct. 2459 (2014). If a court refuses to award taxable costs to the prevailing party, the court must provide its reasons for doing so. Produce, Inc., 342 F.3d 1016, 1022 (9th Cir. 2003)

## II. MOTION TO RETAX COSTS

Plaintiffs argue, and the Court agrees, that costs should not be assessed because (1) the issues in this case were "close and complex"; (2) assessing costs under these circumstances would chill future civil rights litigation; and (3) Plaintiffs have very limited financial resources. (Doc. No. 201-1 at 4-5.)

### A. Whether the Issues in the Case were Close and Complex

Plaintiffs argues that because the issues of this case were "close and complex" that the Court should decline to award fees. Although there is no uniform standard as to what makes a case "close and difficult," courts have employed a variety of approaches in making this determination. For instance, one court found a case "close and difficult" after taking into account the length of the decision (ninety-six pages) and the large number of parties involved in the case (twenty-three plaintiffs). Rivera v. NIBCO, 701 F. Supp. 2d 1135, 1144 (E.D. Cal. 2010). Another court suggested that a case might properly be deemed "close and difficult" if it involved a "long and complicated trial" or turned on a

3

15-cv-02692-H-MDD

"determination of credibility at trial." Jardin, 2011 U.S. Dist. LEXIS 117517, 2011 WL 4835742, at *3. In this case the determination of qualified immunity was complex and involved complicated questions of law and fact. This factor favors the Plaintiffs.

### B. Potential Chilling Effect on Future Civil Rights Litigants

Plaintiffs have demonstrated that costs of $41,988.18 would inflict an undesirable chilling effect on future civil rights litigants. While there is no bright-line rule defining what precise amount of costs would produce a chilling effect, the amount at issue here is substantial. See Kidd v. Pacific Bell Telephone, 2013 U.S. Dist. LEXIS 69997, 2013 WL 2146924, at *2 (S.D. Cal. May 16, 2013) ("The amount of costs [of $5,147.23] sought is reasonable and not exorbitant. Therefore, the suggestion that an award of costs would chill further civil rights litigation is not persuasive in this instance."). Compare Save Our Valley, 335 F.3d at 946 (stating that costs of $5,310.55 is a "relatively small sum"), with Ass'n of Mexican—Am. Educators, 231 F.3d at 593 (affirming the district court's denial of $216,443.67 in costs to a prevailing defendant because the "extraordinarily high" costs "might have the regrettable effect of discouraging potential [civil rights] plaintiffs"). The amount of $41,988.18 strikes this Court as excessive and could serve as an inappropriate threat to discourage serious civil rights claims in the future if granted.

### C. Limited Financial Resources

Plaintiffs have limited financial resources and would be hard pressed to pay the $41,988.18 in costs. Ms. Nguyen is unable to work and social security benefits are their sole means of support. (Doc. No. 204-2.) Accordingly, Plaintiffs have shown that this is one of the "the rare occasion[s] where severe injustice will result from an award of costs." Save Our Valley, 335 F.3d at 945.

Based on the foregoing reasons, Plaintiffs have overcome the presumption in favor of awarding costs to the prevailing party. See Save Our Valley, 335 F.3d at 946. The Court denies the Clerk's Bill of Costs in its entirety.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to re-tax costs. Plaintiffs' motion to stay the award of costs is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: September 4, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT