UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a Minor, individually, by and through their mother, Loan Thi Minh Nguyen, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 15cv2692-H-MDD<br><br>**ORDER DENYING PLAINTIFFS' RENEWED PETITION TO APPROVE COMPROMISE WITH PARAMEDIC DEFENDANTS**<br><br>[ECF No. 216] |

On December 17, 2019, Plaintiffs petitioned the Court to approve a settlement between certain Defendants and two Minor Plaintiffs. (ECF No. 208). On January 13, 2020, the Court denied the petition without prejudice. (ECF No. 215). The Court expressed its concern regarding the fairness of the settlement to the Minor Plaintiffs considering that the Minor Plaintiffs were to receive nothing from the proposed $50,000 -- $45,000 was to be provided to counsel for Plaintiffs to fund or reimburse litigation expenses and $5,000 was for Minor Plaintiffs' mother. (*Id.* at 6-8).

Now before the Court is Plaintiffs' renewed petition to confirm the settlement filed on February 13, 2020. (ECF No. 216). Plaintiffs have not

1

modified the financial terms of the proposed settlement; instead they press their argument that the proposed settlement is fair to the Minor Plaintiffs. As the Court disagrees, Plaintiffs' motion is **DENIED.**

The proposed settlement is between Plaintiffs, including the two Minor plaintiffs K.J.P. and K.P.P. ("Minor Plaintiffs"), and Defendants City of Santee, Aaron Bagley, Aaron Hackett, Lakeside Fire Protection District, Marc Poynter, and David Csik (collectively, "Paramedic Defendants"). The Paramedic Defendants do not oppose the settlement (ECF Nos. 218, 219). The non-settling Defendants (the "Sheriff Defendants") oppose in part claiming the settlement is inconsistent with the retainer agreement between Plaintiffs and their counsel and because Plaintiffs did not address the Court's concerns. (ECF No. 220). The Minor Plaintiffs appear through their mother, Plaintiff Loan Thi Minh Nguyen ("Plaintiff Nguyen"), as their guardian.

## I. <u>RELEVANT PROCEDURAL HISTORY</u>[1]

On November 2, 2016, Plaintiffs filed the operative second amended complaint, alleging: (1) excessive force pursuant to 42 U.S.C. § 1983 against the Sheriff's Department Defendants; (2) denial of medical care pursuant to § 1983 against the Sheriff's Department Defendants, the Santee Fire Department Defendants, and District Defendants; (3) a § 1983 *Monell* claim against the Municipal Entity Defendants; (4) battery against the County of San Diego and Sheriff's Department Defendants; (5) a Bane Act claim against the County of San Diego and Sheriff's Department Defendants; (6) an Americans with Disabilities Act claim against the County of San Diego and Sheriff's Department Defendants; (7) an Unruh Civil Rights Act claim

---

[1] The factual background of the case is recounted in the Court's previous Order on the Petition to Approve Minor's Compromise. (ECF No. 215 at 2-4).

2

15cv2692-H-MDD

against the County of San Diego and Sheriff's Department Defendants; (8) negligence against the County of San Diego and Sheriff's Department Defendants; (9) negligent hiring, retention, and supervision against Sheriff Gore; (10) wrongful death against all Defendants; (11) a substantive due process violation under § 1983 against all Defendants; and (12) intentional infliction of emotional distress against the County of San Diego and Defendants Collins and Krull. (ECF No. 50). The only claims brought on behalf of the Minor Plaintiffs are the wrongful death and substantive due process claims. (*See* ECF No. 50).

On April 12, 2019, the Court granted summary judgment as to the Paramedic Defendants on all claims including those brought by the Minor Plaintiffs. (ECF No. 171 at 39). The Court denied summary judgment on wrongful death and substantive due process claims as to other Defendants. (*Id.* at 37-39). These other Defendants appealed the Court's order, but do not challenge the Court's ruling regarding the Minor Plaintiffs' claims. *See K.J.P. v. Cty. of San Diego*, No. 19-55527, ECF No. 11 (9th Cir. Aug. 15, 2019). Following entry of final judgment in favor of the Paramedic Defendants on all claims, Plaintiffs appealed to the Ninth Circuit for review of various orders pertaining to the Paramedic Defendants. (*See* ECF No. 187). Before the filing of opening briefs, Plaintiffs reached a compromise with the Paramedic Defendants that will finally resolve all claims against the Paramedic Defendants. (ECF No. 208 at 2).

On November 27, 2019, Plaintiffs and the Paramedic Defendants filed a notice pursuant to Civil Local Rule 17.1(a) consenting to magistrate judge jurisdiction for the purpose of reviewing and approving any compromise between the Minor Plaintiffs and the Paramedic Defendants. (ECF No. 207). On December 18, 2019, United States District Judge Marilyn L. Huff

approved the exercise of jurisdiction by United States Magistrate Judge Mitchell D. Dembin for this purpose. (ECF No. 210).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are Minors. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011); Fed. R. Civ. P. 17(c). Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). With respect to proposed settlements in lawsuits involving minor plaintiffs, this special duty requires district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court considers "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel...." *Robidoux*, 638 F.3d at 1182.

## III. DISCUSSION

The proposed settlement between the Paramedic Defendants and Plaintiffs has not been modified despite the Court raising concerns in its prior order. Plaintiffs and the Paramedic Defendants have agreed that, in exchange for a release of claims and dismissal with prejudice of all claims, including Plaintiffs' currently stayed direct appeal in the Ninth Circuit against the Paramedic Defendants, the Paramedic Defendants will provide to Plaintiffs the sum of $50,000, with the parties bearing their own costs and

fees. (ECF No. 208 at 4). Specifically, the City of Santee will contribute $25,000 and the Lakeside Fire Protection District will contribute $25,000. (*Id.*). Pursuant to the agreement, $45,000 will go toward funding the litigation expenses in this ongoing action against the remaining defendants.[2] (*Id.* at 5). The remaining $5,000 will go to Plaintiff Nguyen, the mother of the Minor Plaintiffs, for ongoing household and family expenses, including the care and support of the Minor Plaintiffs. (*Id.*). As a result, none of the proceeds will be directly allotted to the Minor Plaintiffs or to Plaintiff Kimberly Chanthapanh. (*Id.*). Plaintiff Nguyen believes the settlement is reasonable and declares that she will use the $5,000 "solely for the care and support of [the Minor Plaintiffs]."[3] (*See* ECF No. 208-2 at 2).

Having independently evaluated the renewed petition to approve the settlement, the factual background, and the procedural posture of this case, the Court cannot approve the petition. The Court is not convinced that the settlement agreement protects the Minor Plaintiffs' interests. *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

To determine whether the net recovery of a minor plaintiff's settlement

---

[2] Counsel for Plaintiffs declares that the litigation expenses thus far in this action exceed $150,000 and that the $45,000 received from the Paramedic Defendants will help Plaintiffs continue this lawsuit against the remaining defendants. (ECF No. 208-1).

[3] Plaintiff Nguyen also declares that following the death of her husband, Lucky Phounsy, she is the sole caretaker for the Minor Plaintiffs, is unable to work, and only receives income from Social Security benefits following Lucky Phounsy's death. (ECF No. 208-2 at 2).

5

is in the best interests of the minor, a district court should look to "the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. The Court previously expressed concern that the parties cited no similar cases for the Court to consider whether the agreement is fair and reasonable for the Minor Plaintiffs. In response, Plaintiffs concede they have been "unable to locate a case with a similar procedural posture and similar allegations—i.e., a case in which a family of wrongful-death plaintiffs lost their entire case against a set of paramedic defendants in the district court, and then those defendants agreed to a substantial settlement while the plaintiffs' long-shot appeal was pending and—more importantly—while the plaintiffs' ongoing claims against law enforcement defendants were still very much alive." (ECF No. 216 at 2). The Court agrees that finding an identical or nearly identical case was not likely to succeed. Plaintiffs should have researched and examined similar, not identical, cases.

The Court's research revealed not a single wrongful death case in the Ninth Circuit involving a large settlement amount where the minor plaintiffs received nothing. The Court's review revealed a few cases that are similar enough to provide guidance on the instant petition. In *Napier v. San Diego Cty.*, a minor child's father was shot and killed by two San Diego Sheriff's deputies. *Napier v. San Diego Cty.*, No. 3:15-cv-00581-CAB (KSC), 2017 U.S. Dist. LEXIS 196223, at *2 (S.D. Cal. Nov. 28, 2017). There, parties settled on the eve of trial, after the conclusion of discovery and after the defendants won summary judgment on the § 1983 claims. *Id.* at *7. Although the court was unable to identify cases involving similar circumstances, the court was able to determine, based upon its own review of case law, that the minor plaintiffs' net recovery of $41,125 was fair and reasonable. *Id.* at 7-8 (collecting cases

6

where a minor's recovery ranging from $2,045.17 to $73,844.39 was found to be fair and reasonable). The court noted that this was fair and reasonable because of the uncertainty associated with a jury verdict. *Id.* at 7. In *Cotta v. Henderson*, the parties reached a voluntary settlement following summary judgment, an appeal, and a remand by the Ninth Circuit Court of Appeals. *Cotta v. Henderson*, No. 1:13-cv-00359-BAM, 2018 U.S. Dist. LEXIS 159326, at *2 (E.D. Cal. Sept. 18, 2018). There, the court found a settlement distribution of $15,000 between two minor plaintiffs fair and reasonable because prevailing at trial would likely have been costly, difficult, and counsel estimated only a 10-15% chance of a favorable verdict. *Id.* at 7-9. In *Estate of Alvarado v. Tackett*, the parties settled after the court granted in part and denied in part the defendants' motions for summary judgment. *Estate of Alvarado v. Tacket*, No. 13cv1202-LL, 2019 U.S. Dist. LEXIS 161351, at *3-6 (S.D. Cal. Sept. 20, 2019). There, the court approved the minors' compromises for $55,000 because "[t]he proposed settlement allows for the certainty of recovery for the Minor Plaintiffs, as opposed to the uncertainty associated with a jury verdict." *Id.* at 9.

As in the cases cited above, there remains a level of uncertainty in the outcome of this case. There are appeals pending in the Ninth Circuit and certain causes of action against different Defendants are still active. Also, Plaintiffs concede that the appeal is a "long-shot." (ECF No. 216 at 2). While the procedural posture of this case, *Cotta*, *Napier*, and *Estate of Alvarado* are similar in that regard, the proposed settlement agreements differ in one crucial and dispositive way: the proposed settlement in this case provides absolutely no financial benefit to the Minor Plaintiffs and instead provides the sole financial benefit to the attorneys and Minor Plaintiffs' guardian. The proposed settlements in the cases cited above provided for a

7

certainty of recovery for the minor plaintiffs in the face of uncertain trial verdicts.  In contrast, approving this settlement would provide for a certainty of *no recovery* for the Minor Plaintiffs.  Plaintiffs have not shown how this settlement agreement is more beneficial to the Minor Plaintiffs than facing the risks of adverse decisions on appeal and at trial.

Plaintiffs contend that the $45,000 going towards litigation costs for the Minor Plaintiffs' causes of action benefit the Minor Plaintiffs because it will permit them to continue litigating this action.  (*Id.* at 4-7).  Plaintiffs also contend that the $5,000 to Plaintiff Nguyen for "day-to-day household expenses" benefit the Minor Plaintiffs because their mother will be able to "ensure they have a safe, comfortable place to live."  (*Id.* at 4-7).  The Court previously noted that Plaintiff Nguyen's declaration was insufficient to ensure that the $5,000 would benefit the Minor Plaintiffs.  Plaintiffs now explain the Court could require Plaintiff Nguyen to submit a declaration and provide copies of receipts to prove the funds were exhausted and benefited the Minor Plaintiffs.  (*Id.* at 7).  The Court is not satisfied with this arrangement for the reasons explained in the Court's prior order.  The Court also is not convinced that reimbursing counsel for litigation costs is in the best interests of the Minor Plaintiffs.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court **DENIES** the renewed petition to approve the Minors' compromises.  (ECF No. 216).

**IT IS SO ORDERED**.

Dated: February 20, 2020

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge