1  THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
   County of San Diego
2  By  RONALD LENERT, Senior Deputy (State Bar No. 277434)
       FERNANDO KISH, Senior Deputy (State Bar No. 236961)
3  1600 Pacific Highway, Room 355
   San Diego, California 92101-2469
4  Telephone: (619) 531-5244;  Fax: (619) 531-6005
   Email: ronald.lenert@sdcounty.ca.gov; fernando.kish@sdcounty.ca.gov
5
6  Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department,
   Dean Allen, Aaron Brooke, Sandra Carbajal, Marcos Collins, Janae Krull, Michael Lee,
7  Jenny Martinson, Tamani Pugh, Jovonni Silva, and Billy Tennison

8  Mildred K. O'Linn (State Bar No. 159055)
   Tori L.N. Bakken (State Bar No. 329069)
9  **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**
   801 S. Figueroa St, 15th Floor
10 Los Angeles, California 90017-3012
   Telephone: (213) 624-6900; Fax (213) 624-6999
11
12 Attorneys for Defendant Richard Fischer

13 Gerald Singleton (State Bar No. 208783)
   Brody A. McBride (State Bar No. 270852)
14 SINGLETON LAW FIRM, APC
   115 West Plaza Street
15 Solana Beach, CA  92075
   Telephone: (760) 697-1330; Fax (760) 697-1329
16 Email: Gerald@SLFfirm.com; Brody@SLFfirm.com

17 Attorneys for Plaintiffs

18

19            **IN THE UNITED STATES DISTRICT COURT**

20         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

21

22 K.J.P., a minor, and K.P.P., a minor, ) No. 15-cv-2692-H-MDD
   individually, by and through their mother, )
23  LOAN THI MINH NGUYEN, who      ) **PRETRIAL JOINT MOTION TO**
   also sues individually and as successor ) **MODIFY ORDER RE EXPERT**
24 in interest to her now deceased husband, ) **DEPOSITION**
   Lucky Phounsy, and KIMBERLY NANG )
25 CHANTHAPHANH, individually,    ) Judge: Hon. Marilyn Huff
                                  )
26      Plaintiffs,                )
   v.                              )
27                                  )
   COUNTY OF SAN DIEGO; San Diego )
28 Sheriff WILLIAM GORE; RICHARD   )
    FISCHER; KEVIN RALPH; MARCOS   )

                                                    15cv2692-H(MDD)

| | |
|---|---|
| COLLINS; JANAE KRULL; SANDRA (JANET) CARBAJAL; BILLY TENNISION, III; DEAN ALLEN; MICHAEL LEE; JENNY MARTINSON; TAMANI PUGH; AARON BROOKE; JOVONNI SILVA; CITY OF SANTEE; AARON BAGLEY; AARON HACKETT; AARON DO; ADAM DANIELS; DANIEL NEOW; LAKESIDE FIRE PROTECTION DISTRICT; MARC POYNTER; DAVID CSIK;<br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiffs K.J.P., K.P.P., Loan Thi Minh Nguyen, and Kimberly Nang Chanthaphanh ("Plaintiffs"), and Defendants County of San Diego, Marcos Collins, Janae Krull, Sandra Carbajal, Billy Tennison III, Dean Allen, Michael Lee, Jenny Martinson, Tamani Pugh, Aaron Brooke, and Jovonni Silva (collectively "County Defendants"), and Defendant Richard Fischer, by and through their respective counsel of record, hereby make the following pretrial joint motion (CivLR 7.2) regarding Dr. Richard Thrush.

This Court granted Defendants' request to conduct a one-hour deposition of Dr. Thrush, on the condition that it be conducted no later than February 1, 2021. (Doc. No. 248.) However, Plaintiffs represent that Dr. Thrush underwent surgery in December and has a follow up surgery in early January. Because Dr. Thrush will be on pain medications for the foreseeable future, Plaintiffs have informed the parties they cannot guarantee Dr. Thrush will be able to prepare for or sit for a deposition before the start of this trial. The parties thus agree to the following stipulation, resolving many of the issues that would have been subject to deposition inquiry or *Daubert* challenges.

## STIPULATION

1. The parties stipulate that Dr. Thrush will not offer opinions regarding the County of San Diego or County of San Diego Sheriff's Department's **law enforcement resources**, including the following examples:

15cv2692-H(MDD)

        a. Whether a psychiatric emergency response team (PERT) or deputy was available or whether they should have responded;

        b. Whether any other law-enforcement psychiatric resources were available or should have been utilized.

2. The parties stipulate that Dr. Thrush will not offer opinions regarding the County of San Diego or County of San Diego Sheriff's Department's **law enforcement training**, including the following examples:

        a. Training (or lack of training) on positional asphyxia;

        b. Training (or lack of training) on de-escalation;

        c. Training (or lack of training) on soliciting family to assist with an interaction

        d. Training (or lack of training) on application of handcuffs;

        e. Training (or lack of training) on application of maximum restraints;

        f. Training (or lack of training) on positioning persons in maximum restraints.

3. The parties stipulate that Dr. Thrush will not offer opinions regarding the County of San Diego or County of San Diego Sheriff's Department's **policies or procedures**, including:

        a. Whether policy and procedures permit or prohibit deputies from leaving persons in maximal restraints in the prone position.

4. The parties stipulate that Dr. Thrush will not offer opinions regarding whether **restraints or handcuffs were correctly applied**, including the following examples:

        a. Whether maximum restraints were applied correctly to Mr. Phounsy;

        b. Whether deputies checked if maximum restraints were applied correctly to Mr. Phounsy;

        c. Whether handcuffs were applied correctly to Mr. Phounsy;

        d. Whether deputies checked if handcuffs were applied correctly to Mr. Phounsy.

///

This stipulation does <u>not</u> exclude opinions from Dr. Thrush regarding whether Mr. Phounsy was <u>safely restrained</u>[1], as an example:

 e. Dr. Thrush disclosed in his R26 report "[i]t is my opinion that officers failed to safely restrain Mr. Phounsy after they attempted to place him in handcuffs."

This stipulation does <u>not</u> exclude opinions from Dr. Thrush regarding whether there are <u>risks to putting individuals in maximum restraints</u>[2], as an example:

 f. Dr. Thrush disclosed in his R26 Supplemental Report that medical literature shows known cardiac risks are associated with maximum restraints.

5. The parties stipulate that Dr. Thrush will not offer opinions regarding whether **restraints or handcuffs were properly removed**, including which individuals held this responsibility.

6. The parties stipulate that Dr. Thrush will not offer opinions regarding Mr. Phounsy's **legal status**, including when he was in detention or when he was placed in a 5150 hold.

7. The parties stipulate that Dr. Thrush will not offer opinions regarding **mental health, psychology, or state of mind**, including the following examples:

 a. Whether the calls to 9-1-1 were psychiatric in nature;
 b. Whether Mr. Phounsy had any existing or pre-existing psychiatric disease;
 c. Whether Mr. Phounsy's actions were driven or caused by a mental health condition, such as psychosis or paranoia;
 d. Whether anything prompted Mr. Phounsy's responses or reactions to deputies' actions;
 e. Whether Mr. Phounsy's responses or reactions were in self-defense or an attempt to escape;
 f. Any aspect of what Mr. Phounsy felt or expected;
 g. Any aspect or theory of psychiatric de-escalation.

---

[1,2] This stipulation does not limit Defendants' abilities or rights to object to this opinion or other opinions during examination.

8. The parties make these stipulations while acknowledging that if Defendants solicit an opinion from a Defendant medical expert in an area excluded by this stipulation, Plaintiffs would be permitted to also question Dr. Thrush within the scope of that line of questioning.

Accordingly, the parties hereby jointly move to modify the Court's December 15, 2020 Order (ECF No. 248) to relieve the parties of any requirement to complete Dr. Thrush's deposition by February 1, 2021, provided the parties comply with the terms of this stipulation.

Respectfully submitted,

DATED: January 7, 2021           THOMAS E. MONTGOMERY, County Counsel

By: s/ RONALD LENERT, Senior Deputy
Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, Dean Allen, Aaron Brooke, Sandra Carbajal, Marcos Collins, Janae Krull, Michael Lee, Jenny Martinson, Tamani Pugh, Jovonni Silva, and Billy Tennison

DATED: January 7, 2021           **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: s/ MILDRED O'LINN
Attorney for Defendant Richard Fischer

Dated: January 7, 2021           SINGLETON LAW FIRM, APC
THE LAW OFFICES OF JOHN BURTON

By:  s/ Gerald Singleton, Esq.
      s/ Brody A. McBride, Esq.
Attorneys for Plaintiffs

1  I certify that Brody McBride, Singleton Law Firm APC, an attorney for Plaintiffs, and that Mildred O'Linn, Manning & Kass Ellrod Ramirez Trestler LLP, an attorney for Richard Fischer, have authorized their electronic signatures to this stipulation.

Respectfully submitted,

DATED: January 7, 2021            THOMAS E. MONTGOMERY, County Counsel

By: s/ RONALD LENERT, Senior Deputy
Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, Dean Allen, Aaron Brooke, Sandra Carbajal, Marcos Collins, Janae Krull, Michael Lee, Jenny Martinson, Tamani Pugh, Jovonni Silva, and Billy Tennison