GERALD SINGLETON (SBN 208783)
TIMOTHY SCOTT (SBN 215074
BRODY A. McBRIDE (SBN 270852)
TRENTON G. LAMERE (SBN 272760)
SINGLETON SCHREIBER McKENZIE & SCOTT, LLP
450 A Street, 5th Floor
San Diego, CA 92101
Tel:   (619) 771-3473
Fax:   (619) 255-1515
gsingleton@ssmsjustice.com
tscott@ssmsjustice.com
bmcbride@ssmsjustice.com
tlamere@ssmsjustice.com

MARK F. FLEMING (SBN 165770)
LAW OFFICES OF MARK FLEMING
1470 Encinitas Blvd, #133
Encinitas, California 92024
Tel:   (619) 300-6202
mark@markfleminglaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy, and KIMBERLY NANG CHANTHAPHANH, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Civil No. 15-cv-02692-H-MDD<br><br>Plaintiffs' Memorandum of Points and Authorities in Support of Motion In Limine to:<br><br>1. Exclude Cumulative Expert Testimony.<br><br>Date: February 8, 2021<br><br>Time: 10:30 a.m.<br><br>Courtroom: 15A |

1

## INTRODUCTION AND ISSUE PRESENTED

**A. Exclusion of cumulative expert testimony.**

Defendants have announced at least three expert witnesses to testify as to Mr. Phounsy's cause of death, each of them interpreting the same evidence and offering overlapping opinions on the same issue. Should this cumulative testimony be excluded under Fed. R. Evid. 403?

## DISCUSSION

**A.    The Court should exclude Defendants' cumulative expert testimony.**

**1. Background.**

Defendants currently intend to offer at least three experts to testify about Mr. Phounsy's cause of death: Richard Geller, Steven Campman, and Gary Vilke. *See* Doc. 132 at 2-3. Because Defendants should not be allowed to offer duplicative testimony on this issue, all except one of these witnesses should be excluded by the Court under Fed. R. Evid. 403.

Geller intends to testify that "Mr. Phounsy's condition on the night of April 13, 2015, and the cause of his cardio-pulmonary arrest, was Excited Delirium Syndrome, itself caused by stimulant drug use, both at Cochaella, and at home on the afternoon on April 13, 2015." Exhibit A, Dr. Richard Geller Report, at 14. Geller believes that the alleged Excited Delirium Syndrome was caused by Mr. Phounsy's alleged consumption of "bath salts." As discussed fully in Plaintiffs' motion in limine to exclude Dr. Geller's testimony, there is no evidence in the record that Mr. Phounsy ingested any "bath salts" at any time before the incident in this case. Because Dr. Geller's opinion is based on pure conjecture and speculation, he should not be permitted to testify on Mr. Phounsy's cause of death.

Campman is one of the medical examiners who performed an autopsy on Mr. Phounsy. *See* Exhibit B, Autopsy Report. Campman intends to testify that Mr.

Phounsy died from "anoxic encephalopathy, due to cardiopulmonary arrest with resuscitation following physical altercation and restraint, due [sic] stimulant drug-related psychotic state with cardiac arteriolosclerosis listed as a contributing condition, and the manner of death as 'accident.'" *Id*. at 4. Campman also opines that "it does not appear that injuries from the altercation with police or the restraint itself were the cause of his arrest and subsequent death, as he was in a safe position with and being administered oxygen when he experienced his sudden arrest several minutes after the altercation; and it also is not likely that the administration of the midazolam caused his arrest and death, as he was being monitored, administered oxygen, did not have signs of benzodiapene toxicity, and did not have toxic concentrations of midazolam in his blood collected shortly after his sudden arrest." *Id*. Finally, Campman intends to offer opinions about Mr. Phounsy's alleged drug use and his exhibition of symptoms allegedly associated with so-called "Excited Delirium Syndrome."[1]

Vilke is an emergency department doctor. *See* Exhibit C, Dr. Gary Vilke Report, at 1. He too intends to testify about Mr. Phounsy's cause of death. Vilke intends to opine that the police's use of restraints and the paramedics' administration of midazolam did not cause or contribute to Mr. Phounsy's death. *Id*. at 5. He also intends to opine that "the significant hyperkalemia (elevated potassium levels) that Mr. Phounsy developed due to acute renal failure in combination with his underlying cardiac disease, drug use and agitation was the probable cause of his sudden cardiac arrest that ultimately resulted in his death." *Id*. at 6. Vilke also claims that the use of Tasers did not contribute to Mr. Phounsy's death. *Id*.

---

[1] This speculative, irrelevant, and overly prejudicial testimony should be excluded for all the reasons discussed in Plaintiff's motions *in limine* addressing those issues.

## 2. Discussion.

Fed. R. Evid. 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Cumulative evidence replicates other admitted evidence." *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979). It is "within the trial court's discretion to exclude cumulative evidence." *Lirette v. Popich Bros. Water Transport Inc.*, 660 F.2d 142, 145 (5th Cir. 1981). *See also In re Air Crash Disaster*, 86 F.3d 498, 527 (6th Cir. 1996) (affirming exclusion of cumulative expert testimony); *United States v. Alisal Water Corp.*, 431 F.3d 643, 660 (9th Cir. 2005) (same). District courts regularly exclude or limit duplicative, overlapping, or cumulative expert testimony. *See Allen v. Hylands Inc.*, 2015 WL 1270304 at *3-4 (C.D. Cal. August 20, 2015) (excluding expert testimony as cumulative because the experts opined on many of the same topics and relied on the same or very similar evidence for their opinions); *Engman v. City of Ontario*, 2011 WL 2463178, at *14 (C.D. Cal. June 20, 2011) ("Given the significant overlap in the testimony of [the proposed experts], it appears that allowing both to testify at trial would be cumulative."); *Moniz v. City of Delano*, 2015 WL 128124 at *7 (E.D. Cal. Jan. 8, 2015) ("[T]he Court agrees that it will not allow cumulative testimony…Thus, Plaintiff will be required to limit the presentation of experts only to that testimony that does not duplicate the testimony given by other experts.")

Here, Geller, Campman, and Vilke intend to offer cumulative opinions about Mr. Phounsy's cause of death. All intend to testify that Mr. Phounsy did not die from injuries caused by the police or the subsequent intervention by paramedics. All intend to testify that the administration of midazolam did not cause Mr. Phounsy's death. All intend to testify that Mr. Phounsy died from a combination

of factors, including a heart attack allegedly caused by an underlying cardiac condition, drug use, and excited delirium. Indeed, at his deposition, Vilke *conceded that his cause of death of opinion was "basically overlapping" with Campman's*. *See* Exhibit D, Excerpts from Deposition of Gary Vilke, at 106. This repetitive testimony about Mr. Phounsy's cause of death will unduly delay the trial, waste the jury's and Court's time, and amount to a needless presentation of cumulative evidence. Accordingly, the Court should order Defendants to select one of these witnesses to testify as to Mr. Phounsy's cause of death and exclude the others under Fed. R. Evid. 403.

## CONCLUSION

For all these reasons, the Court should grant Plaintiff's motion in limine and exclude all cumulative expert testimony mentioned herein.

Respectfully submitted,

Dated: January 11, 2021

*s/ Timothy A. Scott*
*s/ Brody A McBride*
TIMOTHY A. SCOTT
BRODY A. MCBRIDE
Attorneys for Plaintiffs