# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO and RICHARD FISCHER,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:15-cv-02692-H-MDD<br><br>**JUDGMENT IN FAVOR OF PLAINTIFFS** |

　　　　On March 2, 2022, this action came before the Court for a jury trial with the Honorable Marilyn L. Huff presiding. (Doc. No. 495.) Mark F. Fleming, Timothy A. Scott, Marcus Bourassa, and Kimberly S. Trimble appeared for Plaintiffs K.J.P., K.P.P., and Loan Thi Minh Nguyen. Sylvia S. Aceves and Ronald Lenert appeared for Defendant County of San Diego. Mildred K. O'Linn and Steven J. Renick appeared for Defendant Richard Fischer.

　　　　The jury issues have been tried, and on March 16, 2022, the jury rendered its unanimous verdict on the following questions:

# FINDINGS ON § 1983 EXCESSIVE FORCE

A. Do you find by a preponderance of the evidence that Defendant Richard Fischer used excessive force on Lucky Phounsy in violation of the Fourth Amendment?

**The jury answered: Yes.**

B. Do you find by a preponderance of the evidence that Defendant Richard Fischer's excessive force was a proximate cause of injury or death to Lucky Phounsy?

**The jury answered: Yes.**

C. Do you find by a preponderance of the evidence that Defendant Richard Fischer's excessive force was malicious, oppressive, or done in reckless disregard of Lucky Phounsy's right to be free from excessive force?

**The jury answered: Yes.**

# FINDINGS ON MONELL FAILURE TO TRAIN

A. Do you find by a preponderance of the evidence that one or more San Diego County Sheriff's deputies violated Lucky Phounsy's constitutional rights to be free from excessive force:

**The jury answered: Yes.**

If yes, specify names(s):

**The jury answered: Fischer and Collins.**

B. Do you find by a preponderance of the evidence that the violation of Lucky Phounsy's constitutional rights was a foreseeable result of a failure to train by the County of San Diego to avoid violating a constitutional right to be free from excessive force?

**The jury answered: Yes.**

C. Do you find by a preponderance of the evidence that the County's failure to train caused injury to Lucky Phounsy?

**The jury answered: Yes.**

///
///

## FINDINGS ON INTERFERENCE WITH CIVIL RIGHTS
## (BANE ACT, Cal. Civ. Code § 52.1)

A.   Do you find by a preponderance of the evidence that Defendant Richard Fischer acted violently against Lucky Phounsy?

**The jury answered: Yes.**

B.   Do you find by a preponderance of the evidence that Defendant Richard Fischer intended to deprive Lucky Phounsy of his right to be free from excessive force or acted in reckless disregard of Lucky's Phounsy's right to be free from excessive force?

**The jury answered: Yes.**

C.   Do you find by a preponderance of the evidence that Defendant Richard Fischer's conduct was a substantial factor in causing harm to Lucky Phounsy?

**The jury answered: Yes.**

D.   Do you find by clear and convincing evidence that Defendant Richard Fischer's conduct was malicious or oppressive?

**The jury answered: Yes.**

## FINDINGS ON NEGLIGENCE

A.   Do you find by a preponderance of the evidence that one or more San Diego County Sheriff's deputies were negligent on April 13, 2015?

**The jury answered: Yes.**

If yes, specify name(s):

**The jury answered: Fischer, Collins, Ralph, and Allen.**

B.   Do you find by a preponderance of the evidence that the negligence of one or more San Diego County Sheriff's deputies on April 13, 2015 was a substantial factor in causing harm to Lucky Phounsy?

**The jury answered: Yes.**

C.   Do you find by a preponderance of the evidence that Lucky Phounsy was negligent?

**The jury answered: No.**

D. Do you find by a preponderance of the evidence that Lucky Phounsy's negligence was a substantial factor in causing his harm?

**The jury answered: No.**

E. We assign the following percentage of responsibility for negligence to the following individuals:

Richard Fischer:

**The jury answered: 20%**

Other Sheriff's deputies (specify name(s)):

**The jury answered: 70%; Collins, Allen and Ralph.**

Lucky Phounsy:

**The jury answered: 0%**

Other (specify name(s)):

**The jury answered: 10%; Poynter and Hackett.**

## FINDINGS ON WRONGFUL DEATH

A. Do you find by a preponderance of the evidence that Lucky Phounsy's death was caused by a violation of one or more of his constitutional or civil rights?

**The jury answered: Yes.**

B. Do you find by a preponderance of the evidence that Lucky Phounsy's death was caused by the negligence of one or more San Diego County Sheriff's deputies on April 13, 2015?

**The jury answered: Yes.**

///
///
///
///
///
///

**FINDINGS ON DAMAGES**

A. If you found for the Plaintiff Loan Nguyen (on behalf of Lucky Phounsy) for excessive force (Section I) and/or failure to train (Section II), we the jury determine damages, by a preponderance of the evidence, as follows:

1. Mental, physical, and emotional pain and suffering experienced by Lucky Phounsy up to the time he was placed in the ambulance:

**The jury answered: $2 million.**

2. Mental, physical, and emotional pain and suffering experienced by Lucky Phounsy from ambulance until the time of his death:

**The jury answered: $3 million.**

B. If you found Lucky Phounsy's death was a result of negligence and/or the violation of Lucky Phounsy's constitutional rights, we determine, by a preponderance of the evidence, the following wrongful death damages for Plaintiffs K.J.P., K.P.P., and Loan Nguyen:

Non-economic damages:

Loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance:
April 20, 2015 through present:

**The jury answered: $20 million.**

Future:

**The jury answered: $60 million.**

C. If you found for the Plaintiff Loan Nguyen (on behalf of Lucky Phounsy) for excessive force (Section I (A)) but found no causation (Section I (B)), do you award nominal damages?

**The jury answered: No.**

Following the jury verdict, Defendant Fischer and Plaintiffs stipulated that Defendant Fischer would pay $10,000 in punitive damages while preserving Defendant Fischer's right to an appeal.

Previously, on April 29, 2016, the Court issued an order on the Santee Defendants' and Lakeside Defendants' motion to dismiss. (Doc. No. 32.) In the order:

1. The Court dismissed Defendants Santee Fire Department, Richard Mattick, and Andy Parr. The Court also dismissed Plaintiffs' claim for gross negligence.
2. The Court declined to dismiss Plaintiffs' remaining claims.

On May 4, 2017, the Court issued an order granting the parties' joint motion to dismiss Defendants Aaron Do, Adam Daniels, and Daniel Neow. (Doc. No. 90.)

On April 12, 2019, the Court issued an order on the San Diego County Defendants', the Santee Defendants', and the Lakeside Defendants' motions for summary judgment. (Doc. No. 171.) In the order:

1. The Court granted the Santee Defendants' motion for summary judgment on all claims and dismissed Defendant Aaron Bagley.
2. The Court granted the Lakeside Defendants' motion for summary judgment on all claims and dismissed Defendants David Csik, Marc Poynter, and Lakeside Fire Protection District.
3. The Court granted in part the San Diego County Defendants' motion for summary judgment. Specifically, the Court granted summary judgment:
   a. In favor of Defendants William Gore and Kevin Ralph on all claims;
   b. On Plaintiffs' ADA and Unruh Act claims;
   c. As to Defendants Jenny Martinson, Sandra (Janet) Carbajal, Michael Lee, Tamani Pugh, and Jovonni Silva on Plaintiffs' excessive force claim;
   d. As to Defendants Marcos Collins, Janae Krull, and Aaron Brooke on Plaintiffs' denial of medical care claim; and
   e. As to Defendants Jenny Martinson, Sandra (Janet) Carbajal, Michael Lee, Tamani Pugh, and Jovonni Silva on Plaintiffs' battery and Bane Act claims.
4. The Court also denied in part the San Diego County Defendants' motion for summary judgment. Specifically, the Court denied summary judgment:

    a. As to Defendants Marcos Collins, Janae Krull, Dean Allen, Aaron Brooke, Billy Tennison III, and Richard Fischer on Plaintiffs' excessive force claim;

    b. As to Dean Allen, Jenny Martinson, Sandra (Janet) Carbajal, Michael Lee, Tamani Pugh, Jovonni Silva, Billy Tennison III, and Richard Fischer on Plaintiffs' denial of medical care claim;

    c. On Plaintiffs' <u>Monell</u> claim;

    d. As to Defendants Marcos Collins, Janae Krull, Dean Allen, Aaron Brooke, Billy Tennison III, and Richard Fischer on Plaintiffs' battery and Bane Act claims;

    e. As to the County of San Diego and all Sheriff's Department Defendants except Defendant Kevin Ralph on Plaintiffs' negligence claim;

    f. As to all San Diego County Defendants except Defendants William Gore and Kevin Ralph as to Plaintiffs' wrongful death and substantive due process claims; and

    g. On Plaintiff Loan Nguyen's intentional infliction of emotional distress claim.

On May 27, 2019, the Court entered final judgment against Plaintiffs and in favor of Defendants Aaron Bagley, Aaron Hackett, City of Santee, Lakeside Fire Protection District, Marc Poynter, and David Csik. (Doc. Nos. 180, 181.) On June 7, 2019, Plaintiffs appealed the Court's order granting summary judgment and a final judgment in favor of the Santee and Lakeside Defendants to the Ninth Circuit. (Doc. Nos. 185, 187.) On September 10, 2020, the Court approved a settlement between Plaintiffs and the Santee and Lakeside Defendants. (Doc. No. 235.) On December 2, 2020, the Court granted a joint motion to dismiss the Santee and Lakeside Defendants with prejudice. (Doc. No. 245.)

On August 9, 2021, the Court granted a joint motion to dismiss Plaintiffs' claims and causes of action against Defendants Marcos Collins and Janae Krull with prejudice.

(Doc. No. 316.)

On August 15, 2021, the Court granted a joint motion to dismiss Defendants Sandra (Janet) Carbajal, Billy Tennison III, Dean Allen, Michael Lee, Jenny Martinson, Tamani Pugh, Aaron Brooke, and Jovonni Silva with prejudice. (Doc. No. 394.) The Court also granted a joint motion to dismiss all claims by Plaintiff Kimberly Nang Chanthaphanh with prejudice. (Id.)

Pursuant to the jury's findings, the Court enters judgment in favor of Plaintiffs on all causes of action. The Court enters judgment for Plaintiff Loan Nguyen on behalf of Lucky Phounsy against Defendants County of San Diego and Richard Fischer for the sum of $2,000,000 for the mental, physical, and emotional pain and suffering experienced by Lucky Phounsy up to the time he was placed in the ambulance and the sum of $3,000,000 for the mental, physical, and emotional pain and suffering experienced by Lucky Phounsy from the ambulance until the time of his death. The Court enters judgment for Plaintiffs K.J.P., K.P.P., and Loan Nguyen against Defendants County of San Diego and Richard Fischer for the sum of $20,000,000 in non-economic damages of the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance from April 20, 2015 through the present, and the sum of $60,000,000 in future non-economic damages. The Court also enters judgment for Plaintiff Loan Nguyen on behalf of Lucky Phounsy against Defendant Richard Fischer for $10,000 in punitive damages on excessive force and the Bane Act.

The Court will separately address any claim for statutory damages under the Bane Act in post-trial proceedings. The Court will also separately address any claim for costs and attorney's fees as provided by law and the Court's local rules. This judgment disposes of this action in its entirety as to all parties and all causes of action.

**IT IS SO ORDERED.**

DATED: March 16, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT