UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO and RICHARD FISCHER,<br><br>                                    Defendants. | Case No.: 3:15-cv-02692-H-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO WAIVE REQUIREMENT OF BOND AND STAY ENFORCEMENT OF JUDGMENT PENDING POST-TRIAL MOTIONS**<br><br>[Doc. No. 547.] |

On April 8, 2022, Defendants County of San Diego and Richard Fischer filed an ex parte motion to waive requirement of bond and stay enforcement of judgment pending post-trial motions. (Doc. No. 547.) On April 11, 2022, the Court issued a scheduling order on Defendants' motion. (Doc. No. 548.) On April 19, 2022, Plaintiffs filed an opposition to Defendants' motion. (Doc. No. 558.) For the following reasons, the Court grants Defendants' motion to waive requirement of bond and stay enforcement of judgment pending resolution of post-trial motions.

**Background**

On August 23, 2021, the Court held a jury trial on this case. (Doc. No. 342.) On September 3, 2021, the trial ended when the jurors were unable to reach a verdict. (Doc. No. 363.) On March 2, 2022, the Court held a retrial on this case. (Doc. No. 495.) Following the retrial, on March 16, 2022, the jury rendered a unanimous verdict in favor of Plaintiffs on all causes of action, awarding Plaintiffs a total of $85 million in damages. (Doc. Nos. 526, 532.) The Court entered the judgment on March 17, 2022. (Doc. No. 533.)

On April 14, 2022, Defendants filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59 and a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). (Doc. Nos. 551, 552.) A hearing on Defendants' post-trial motions is currently scheduled before this Court for Monday, June 13, 2022 at 10:30 a.m. (Doc. No. 554 at 2.) In light of the pending post-trial motions, Defendants filed the present ex parte motion requesting the Court stay enforcement of the judgment pending resolution of the post-trial motions and waive the bond requirement pursuant to Federal Rule of Civil Procedure 62(b). (Doc. No. 547.)

**Discussion**

Federal Rule of Civil Procedure 62(b) provides that "[a]t any tie after judgment is entered, a part may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "[T]he district court has broad discretionary power to waive the bond requirement if it sees fit." <u>Townsend v. Holman Consulting Corp</u>., 881 F.2d 788, 796–97 (9th Cir. 1989).

When determining whether to waive the supersedeas bond requirement, courts consider several factors, including:

> (1) the complexity of the collection process; (2) the amount of time requirement to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would

be waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in a insecure position.

Dillon v. Chicago, 866 F.2d 902, 904–05 (7th Cir. 1988); see also Kranson v. Fed. Express Corp., No. 11-cv-5846, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) ("Courts in the Ninth Circuit regularly use the Dillon factors in determining whether to waive the bond requirement.").

Defendants have met their burden to show that a waiver of the Rule 62(b) bond requirement is warranted. Defendants submitted a declaration by the County's Auditor and Controller, representing that the County "has the highest possible financial rating with three of the major crediting agencies," that "[t]he County's operating budget for 2022-2013 is $7.23 billion dollars," and that the County has "sufficient funds" to cover the judgment $85 million judgment in this case. (Doc. No. 547-2 ¶¶ 4–6.) Defendants also submitted a declaration by the Chief of the Administrative Services Division for the Office of the San Diego County Counsel representing that she is "familiar with the County's financial situation" and "not aware of a single instance where the County has defaulted on a court judgment." (Doc. No. 547-3 ¶¶ 4–5.) The Court has a high degree of confidence that the County has the funds available to pay the judgment and that the cost of the bond would be a waste of money. Accordingly, the Court grants the County's motion to stay enforcement of the judgment pending appeal resolution of the post-trial motions without posting a supersedeas bond.

## Conclusion

The Court grants Defendant's motion to stay enforcement of the judgment pending the resolution of the post-trial motions and waives the bond requirement under Federal Rule of Civil Procedure 62(b).

**IT IS SO ORDERED**

DATED: May 2, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT