UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; RICHARD FISCHER,<br><br>Defendants. | Case No.: 3:15-cv-02692-H-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE DEADLINES**<br><br>[Doc. No. 608.]<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER** |

On March 2, 2022, the Court held a trial in this case. The jury returned a verdict in favor of Plaintiffs on all claims; awarded $5 million for the decedent Mr. Phounsy's pain and suffering; and awarded $80 million in non-economic loss of services damages to Plaintiffs K.J.P., K.P.P., and Loan Nguyen. (Doc. No. 532.) On August 16, 2022, the Court denied Defendants' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). (Doc. No. 582.) The Court also denied Defendants' motion for a

new trial on liability and pain and suffering damages[1] but granted a new trial on non-economic loss of services damages. (Id.) On August 30, 2022, the Court issued a scheduling order. (Doc. No. 585.)

On October 3, 2022, the parties filed a joint motion to continue the filing deadlines. (Doc. No. 608.) For good cause shown, the Court grants the parties' motion and issues an amended scheduling order, as follows:

The Court issues the following amended scheduling order:

1. Non-economic damages for negligence are apportioned based on a defendant's percentage of fault. See Cal. Civ. Code § 1431.2(a); C.B. v. City of Sonora, 769 F.3d 1005, 1031 (9th Cir. 2014). Non-economic damages for intentional acts are not similarly reduced. See B.B. v. Cnty. of Los Angeles, 10 Cal. 5th 1, 29 (2020). The Court orders the parties to brief the applicability of this issue to any non-economic loss of services damages award that may result from the new trial. (See Doc. No. 582 at 74 n.21.) Plaintiffs filed its brief on **September 23, 2022.** Defendants' opposition brief is due on or before **October 17, 2022.** Plaintiffs' reply brief is due on or before **October 19, 2022.** Pursuant to Civil Local Rule 7.1(h), briefs must not exceed twenty-five (25) pages in length without leave of the Court. Briefs exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

2. On September 14, 2022, Plaintiffs filed a motion for reconsideration. (Doc. No. 595.) On September 30, 2022, the Court set a briefing schedule for this motion. (Doc. No. 607.) For good cause shown, the Court amends its briefing schedule as follows. Defendants must file any opposition by **October 17, 2022**. Plaintiffs must file any reply by **October 19, 2022**.

3. Counsel must file their memoranda of contentions of fact and law and take

---

[1] The Court held that the jury's award of $2 million for Mr. Phounsy's pre-ambulance pain and suffering was barred by qualified immunity. (Doc. No. 582 at 69.) The Court declined to disturb the jury's award of $3 million for Mr. Phounsy's pain and suffering from the ambulance until the time of his death. (Id. at 69–70.)

any other action required by Civil Local Rule 16.1(f)(2) by **October 13, 2022.**

4. If a party wishes to use deposition testimony in lieu of a live witness, if authorized under the rules, the party must submit the designations to opposing counsel by **October 14, 2022.** The parties must exchange counter-designations by **October 21, 2022.** If deposition testimony is used at trial in lieu of a live witness, the Court will determine the allocation of time against each party, but the time is assessed against the time limits authorized for trial.

5. If a party wishes to use deposition testimony clips for a purpose authorized by the Federal Rules of Evidence, the party must submit the clips to opposing counsel by **October 14, 2022.** Deposition testimony clips must comply with Federal Rule of Evidence 106 and include accompanying questions for each answer.

6. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **October 14, 2022**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues. Counsel must exchange copies and/or display all exhibits. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel must cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for Plaintiffs will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **October 14, 2022**, Plaintiffs' counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiffs' counsel concerning any objections to form or content of the pretrial order. Both parties must promptly attempt to resolve their differences, if any, concerning the order.

8. The Court orders the parties to file and submit to the Court's e-file inbox the proposed final pretrial order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, by **October 17, 2022** at **9:00 a.m.** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6). The parties must also file

and submit to the Court's e-file inbox their exhibit lists and witness lists by **October 17, 2022** at **9:00 a.m.**

9. The Court orders the parties to file and submit to the Court's e-file inbox proposed jury instructions on or before **October 24, 2022** at **9:00 a.m.** The proposed jury instructions must be on pleading paper in Times New Roman, 14-point font, must be double-spaced, and must not have any header, footer, or page numbers. Further, the instructions must be fully completed and in a format that could be read to the jury if adopted by the Court. The parties must remove any brackets, fill in blanks, and make the necessary selections where applicable to any model instructions.

10. The parties must file and submit to the Court's e-file inbox proposed verdict forms by **October 24, 2022** at **9:00 a.m.**

11. The Court schedules an in-person pretrial conference and a hearing on motions in limine for **Monday, October 24, 2022**, at **1:30 p.m.** On September 26, 2022, all motions in limine were filed. (Doc. Nos. 599, 600, 601, 602, 603, 604, 605.) Each party may file oppositions to the other party's motions in limine on or before **October 21, 2022**. The parties may not file any reply briefs without leave from the Court. Absent further order of the Court, each side may file no more than **four (4)** motions in limine. The Court reaffirms its ruling on the admissibility of a misdemeanor conviction and sentence under Federal Rule of Evidence 403 absent further order of the Court. The Court also notes that notwithstanding the number of parties in this case, there are only two sides: Plaintiffs and Defendants.

12. The Court orders the parties to exchange and submit to the Court's e-file inbox their schedule of witnesses, including the order and days they plan to call each witness, by **October 28, 2022.** Should any witness be unavailable, counsel are directed to promptly notify the other side.

13. The parties may file and submit to the Court's e-file inbox proposed questions for the Court to ask the jury on or before **October 31, 2022** at **9:00 a.m.** The jury will consist of eight (8) jurors. Each side will have three challenges. There are two sides:

Plaintiffs and Defendants. The Court uses the Arizona blind strike method.

14. The Court orders the parties to provide separate exhibit lists to the Courtroom Deputy at the status conference on **October 31, 2022**. The exhibits must be pre-marked. Exhibit stickers are available in the Clerk's office. If a party wishes to use electronic or demonstrative equipment during trial, the Court directs the party to contact the Courtroom Deputy to schedule an appropriate time to setup the equipment before the trial begins and submit a proposed order by **October 24, 2022**, to allow the equipment to proceed through security. Each party is required to designate a person responsible for checking with the courtroom deputy each day of trial to make sure the exhibits are properly marked and admitted.

15. The Court schedules an in-person status conference for **October 31, 2022** at **1:30 p.m.**

16. The Court schedules trial for **Tuesday, November 1, 2022** at **9:00 a.m.** The court will notify the parties of the courtroom at a later date.

17. Based on the Court's understanding of the issues in this case and concurrence of counsel, each side has **nine (9) hours** all-inclusive absent further order of the Court upon a showing of good cause. There are two sides: Plaintiffs and Defendants. This includes all time spent in trial, including but not limited to opening statements, questioning the jurors, presentation of evidence, settling jury instructions, final arguments, and instructing the jurors.

18. The parties must comply with case management orders set by the Court.

19. The Court will not modify the dates and times set forth in this order except for good cause shown.

///
///
///

20. The Court directs counsel to act professionally at all times in accordance with Civil Local Rule 2.1 and to work with opposing counsel to try to resolve issues where possible. The Court also prohibits counsel from making "Golden Rule" arguments. (See Doc. No. 582 at 66.)

**IT IS SO ORDERED.**

DATED: October 4, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT