Gerald Singleton (State Bar No. 208783)
Mark F. Fleming (State Bar No. 165770)
Kimberly S. Trimble (State Bar No. 288682)
SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025
San Diego, CA  92108
Tel:   (619) 771-3473
Fax:   (619) 255-1515
Email:   gsingleton@singletonschreiber.com
         mfleming@singletonschreiber.com
         ktrimble@singletonschreiber.com

Timothy Scott (State Bar No. 215074)
Marcus Bourassa (State Bar No. 316125)
McKENZIE SCOTT PC
1350 Columbia St.
San Diego, CA  92101
Tel:   (619) 794-0451
Fax:   (619) 652-9964
Email:   tscott@mckenziescott.com
         mbourassa@mckenziescott.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.J.P., a minor, and K.P.P., a minor, individually, by and through their mother, LOAN THI MINH NGUYEN, who also sues individually and as successor in interest to her now deceased husband, Lucky Phounsy,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>Defendants. | Case No. 15-cv-02692-H-MDD<br><br>**PLAINTIFFS' PETITION TO APPROVE COMPROMISE WITH COUNTY DEFENDANTS**<br><br>Judge:   Hon. Mitchell D. Dembin<br>Ct. Rm.:  Ste. 1180 (Carter-Keep)<br>Date:    N/A per Chambers Rules<br>Time:    N/A per Chambers Rules |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Loan Thi Minh, as parent and next friend of minor plaintiffs K.J.P. and K.P.P. ("Minor Plaintiffs"), hereby petitions the Court for

1

an order approving a compromise between all plaintiffs, including the Minor Plaintiffs, on one hand, and defendants the County of San Diego and Richard Fischer, on the other hand, as fair and reasonable as to the Minor Plaintiffs.

## I.    INTRODUCTION

This is a complex, wrongful-death case that involves various claims arising from the wrongful death of Lucky Phounsy that occurred in April 2015. *See* Verdict, Dkt. 532. Phounsy was the father of the Minor Plaintiffs and the husband of plaintiff Loan Thi Minh Nguyen.  K.J.P. is currently 9 years old and K.P.P. is currently 8 years.  *See* Nguyen Decl. ¶ 4, Att. C.

The parties have reached a settlement to resolve all claims. Because the compromise involves the Minor Plaintiffs, the Court must, pursuant to Federal Rule of Civil Procedure 17 and Civil Local Rule 17.1, approve the compromise as fair and reasonable.  Plaintiffs expect this petition to be unopposed.  *See* Trimble Decl. ¶ 11, Att. D.

For the following reasons, the Court should enter an order finally approving the compromise between the Plaintiffs and the County Defendants as fair and reasonable as to the Minor Plaintiffs.[1]

## II.    BACKGROUND

### A. Procedural History

This case has been appealed to the Ninth Circuit numerous times and has already had two trials.[2]  The first trial resulted in a mistrial on the grounds that the jurors could

---

[1] Because the parties have properly consented to magistrate-judge jurisdiction for the purpose of finally resolving this petition (ECF No. 207), this Court's order on this petition will be final, *see* 28 U.S.C. § 636; CivLR 17.1.

[2] In the first and second appeals, defendants challenged the district court's denial of qualified immunity at the summary judgment stage. *See* First 9th Cir. Op. (Feb. 4, 2019), Dkt. 157; Second 9th Cir. Op. (April 7, 2020), Dkt. 231. After the first trial that resulted in a mistrial, Defendants filed a petition for writ of mandamus, *see* Not. of Pet. (Feb. 23, 2022), Dkt. 467, and Plaintiffs were ordered to respond, *see* 9th Cir. Order, Dkt. 471. Defendant Fischer also filed a notice of appeal challenging this Court's denial of his motion

not come to a consensus regarding liability. At the conclusion of the second trial, the jury found Defendants liable on all claims and awarded $85 million in damages. *See* Judgment, Dkt. 583. The jury also found Defendant Richard Fischer was liable for punitive damages. *See id.* Plaintiffs and Defendant Richard Fischer stipulated that Fischer would pay $10,000 in punitive damages. *See id.*

Defendants then filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59 (Dkt. 549, 551) and a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) (Dkt. 550, 552). This Court partially granted the County's motion for a new trial, affirming all liability findings, setting aside all but $3 million of the verdict, and ordering a new trial on non-economic wrongful damages only. *See* Order, Dkt. 582. On that issue, the Court granted a new trial. *See id.* at 74. The Court also ordered the parties to participate in a settlement conference before the damages-only trial that was set for November 1, 2022. *See* Sch. Order, Dkt. 585.

After the settlement conference with Magistrate Judge Dembin, Plaintiffs reached a compromise with the County Defendants that will resolve all claims. *See* Trimble Decl. ¶¶ 6, Att. D. Specifically, the County will pay $12 million to Plaintiffs to settle all claims. The $12 million dollars includes the $10,000 in punitive damages agreed to by the parties.

### B.    Compromise

Plaintiffs and the County Defendants have agreed that the County will provide to Plaintiffs the sum of $12,000,000 to settle all claims, and the parties will bear their own costs and fees. *See id.* ¶ 7.

Plaintiffs now seek approval of their compromise with the County Defendants as it pertains to the Minor Plaintiffs.  Once the compromise is approved, all claims by Plaintiffs against all Defendants will be resolved.  *Id.*

*///*

---

for judgment as a matter of law and his request for qualified immunity. *See* Fischer NOA (Feb. 28, 2022), Dkt. 484.

PLS.' PET'N TO APPROVE COMPROMISE                                              15-cv-2692

### C.     Proposed Distribution

The proposed settlement between Plaintiffs and the County Defendants is that the County will pay $12 million to settle all Plaintiffs' claims.

As set forth in the accompanying declaration, $8 million of the proceeds from this compromise will go to plaintiff Loan Thi Minh Nguyen, the mother of the Minor Plaintiffs who sues both individually and as a successor in interest to her now-deceased husband Lucky Phounsy. *See* Nguyen Decl. ¶ 6, Att. C. Consistent with the retainer agreement signed in this case, counsel will receive 40% of these proceeds in attorney fees. *See* McBride Decl., Ex. 1 at 2 (Retainer Agreement), Dkt. 216-1. Counsel will then deduct all litigation expenses from that amount. *See id.* at 1. In other words, no litigation expenses will be deducted from the amounts distributed to the Minor Plaintiffs.

PLS.' PET'N TO APPROVE COMPROMISE                                          15-cv-2692

1

2

3

4

### III.   LEGAL STANDARD

"In the context of proposed settlements in suits involving minor plaintiffs, . . . [Federal Rule of Civil Procedure 17(c)] requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In reviewing a proposed settlement involving a minor, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable . . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82.

"So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

### IV.   ARGUMENT

The compromise reached here is fair and reasonable in light of Plaintiffs' claims and average recovery in similar cases.

#### A.   Minor Plaintiffs' Claims

The scope of this Court's review is limited to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-82 (9th Cir. 2011). The claims pursued by the minor plaintiffs in this case were for wrongful death damages beginning on April 20, 2015.

PLS.' PET'N TO APPROVE COMPROMISE                                                15-cv-2692

**B.      Average Recovery**

The average recovery in cases with a procedural posture similar to this one has been hotly disputed between the parties. The Court addressed the topic itself when deciding Defendants' motion for a new trial and, specifically, their argument that the damages award was excessive. *See* Order at 67, Dkt. 582.

The Court has already determined that the $3 million in damages for Mr. Phounsy's pain and suffering from the ambulance until his time of death was supported by the evidence and is not excessive. *See id.* at 69. Defendants dispute this finding.

As for the non-economic wrongful death damages, this Court reviewed a broad spectrum of comparable cases provided by both parties when deciding whether the $80 million awarded by the jury was excessive. *Id.* at 72 n.20. The Defendants argued that the Court should consider the Westlaw Personal Injury Valuation Handbook, which stated that "the default predicted value of a case involving a 32-year-old male decent, married with two children, was $2,986,875." Def. Mot. for New Trial at 21, Dkt. 551-1 (formatting removed). Defendants also supplied a chart of "comparable cases" that showed that awards in "similar cases—wrongful death cases with police defendants in California district courts in the past five years—are ordinarily in the low to mid seven-figure range." *Id.* at 22. In contrast, Plaintiff's opposition to Defendants' Motion for New Trial pointed to three comparable cases with awards of $27 million, $50 million, and $65 million. *See* Pl. Opp'n at 17, Dkt. 564.

On balance, it is a fair and reasonable compromise for Plaintiffs, including the Minor Plaintiffs, to accept $12,000,000 to settle their claims against the County Defendants, with each side to bear its own costs and fees, and with these proceeds being distributed as described above.

///

///

///

///

PLS.' PET'N TO APPROVE COMPROMISE                                    15-cv-2692

**V.     CONCLUSION**

For the foregoing reasons, Plaintiffs ask the Court to enter an order approving the compromise between Plaintiffs and the County Defendants as fair and reasonable with regard to the Minor Plaintiffs.

Dated:  January 19, 2023                    SINGLETON SCHREIBER, LLP


                                                By:     */s/ Kimberly S. Trimble*
                                                        Kimberly S. Trimble
                                                        Attorneys for Plaintiffs

PLS.' PET'N TO APPROVE COMPROMISE                                    15-cv-2692